**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| ENCORE BANK, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-09-0760 |
| | § | |
| ACE AMERICAN INSURANCE | § | |
| COMPANY, | § | |
| | § | |
| Defendant. | § | |

**MEMORANDUM AND ORDER**

In this suit to recover insurance proceeds, the plaintiff, Encore Bank, has moved for leave to file a first amended complaint to add a claim that the insurer, ACE American Insurance Company, violated the prohibition in the Texas Insurance Code against unfair settlement practices. TEX. INS. CODE § 541.151 *et seq*. (Docket Entry No. 8). The defendant, ACE, has filed a response and a motion to abate. (Docket Entry No. 11). ACE invokes the Texas Insurance Code requirement that a plaintiff seeking damages under the statute must give the defendant prior written notice. During a period after that notice is given, the defendant may offer to pay the actual damages and attorneys' fees and thereby avoid liability for statutory enhanced damages. The purpose of the requirement is to encourage settlement and to prevent the increase in attorneys' fees during negotiations. *Hines v. Hash,* 843 S.W.2d 464, 469 (Tex. 1992)

Section 541.154(a) of the Texas Insurance Code provides, "[a] person seeking damages in an action against another person under this subchapter must provide written notice to the other person not later than the 61st day before the date the action is filed." TEX. INS. CODE § 541.154(a).

The notice must advise the other person of "the specific complaint" and "the amount of actual damages and expenses, including attorney's fees reasonably incurred in asserting the claim against the other person." TEX. INS. CODE § 541.154(b).  An exception to this requirement provides that "notice is not required if giving notice is impracticable because the action: (1) must be filed to prevent the statute of limitations from expiring . . . ." TEX. INS. CODE § 541.154(c)(1).  Finally, § 541.155 provides that a person who does not receive presuit notice may file a plea in abatement, and "[t]he court shall abate the action if, after a hearing, the court finds that the person is entitled to an abatement because the claimant did not provide the notice as required by Section 541.154." TEX. INS. CODE § 541.155(a), (b).

Encore asserts that it sent ACE a notice letter when it filed its lawsuit in state court and that because more than 60 days have passed, it is entitled to amend to add the statutory claim for unfair claims settlement practices.  (Docket Entry No. 8).  ACE responds that it did not receive the notice until April 15, 2009.  ACE explains that the notice was not sent to the address set out in the insurance policy for notice of claims and was not sent to the correct address specified for other notices.  Instead, due to what appears to be a typographical error, the notice was incorrectly addressed, and ACE did not receive it until conferring with opposing counsel in mid-April.  The statute provides that if notice of a claim for statutory damages is given before the claim is filed, a defendant may tender a settlement offer during the 60 day period after receiving the notice.  ACE asks this court to abate the motion for leave to amend until June 15, 2009, 60 days after it received the notice of Encore's statutory damage claim.  (Docket Entry No. 11).

The motion to abate is granted.  This action – including the motion for leave to amend – is abated until June 15, 2009.  TEX. INS. CODE § 541.154(c)(1); *Cleo Bustamante Enters., Inc. v.*

*Lumbermens Mut. Cas. Co.,* No. Civ. A. SA-05-0433, 2005 WL 1586994, at *1 (W.D. Tex. June 30, 2006); *In re Behr,* No. 04-05-00895, 2006 WL 468001, at *2 (Tex. App.–San Antonio Mar. 1, 2006, no pet.).

SIGNED on May 18, 2009, at Houston, Texas.

Lee H. Rosenthal
United States District Judge